E-FILED
Thursday, 23 April, 2026  08:55:22 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CHARLES FLYNN,                              )
                                            )
                        Plaintiff,          )
                                            )
v.                                          )          3:25-cv-03385-MMM
                                            )
NATASHA LAWSON, et al.,                     )
                                            )
                        Defendants.         )

## ORDER

Plaintiff, proceeding pro se, seeks to allege claims in this Court.

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Allegations

Plaintiff's names twenty Defendants including state police officials and prison officials. He alleges several sets of facts that are not clearly connected.

One set of allegations relates to a fight with another inmate. In that set of allegations Plaintiff alleges another inmate attacked him. Plaintiff was not an aggressor in the fight. He was disciplined for the fight anyway and punished with reduced privileges and seven days segregation confinement. A no contact order was put in place so the inmate who attacked him would not be near him. Plaintiff alleges the assault was not properly investigated, the person who assaulted him was not properly punished or criminally charged. An officer violated the no contact order by placing Plaintiff and the person who attacked him next to each other at a meal, and telling Plaintiff they would not be separated and should "fight or fuck." There was no physical altercation.

Another allegation relates to a guard kicking or stepping on the back of Plaintiff's shoes as he left the dietary hall one day.

Another allegation relates to a different inmate stealing Plaintiff's property and prison officials failing to properly investigate the matter.

There may be other allegations woven into Plaintiff's thirty-two page amended complaint, which is densely handwritten, but these are the apparent allegations.

Pleading Standards

"Only persons who cause or participate in [constitutional] violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The Federal Rules of Civil Procedure require that the plaintiff submit a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that the essential function of a complaint under the civil rules … is to put the defendant on notice of the plaintiff's claim. *Ross Brothers Const. Co., Inc, v.*

*International Steel Services, Inc.*, 283 F.3d 867, 872 (7th Cir. 2002) (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)). While it is not necessary for a plaintiff to plead specific facts, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2007) (citing *Twombly,* 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

<u>Joinder of Claims</u>

"A prisoner may join Defendants in the same action only if the claims against each one 'aris[e] out of the same transaction, occurrence, or series of transactions or occurrences …." *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) (quoting Fed. R. Civ. P. 20(a)(2)). "Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). "To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'" *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (quoting Rule 20(a)(1)(A)).

"[D]istrict courts should not allow inmates to flout the rules for joining claims and Defendants, see Fed. R. Civ. P. 18, 20, or to circumvent the Prison Litigation Reform

Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

The Seventh Circuit "target[s] for dismissal 'omnibus' complaints—often brought by repeat players—that raise claims about unrelated conduct against unrelated Defendants." *Mitchell*, 895 F.3d at 503. However, "judges may sever unrelated claims into separate suits (rather than dismiss the claims) if the statute of limitations has otherwise lapsed." *Morris v. Kulhan*, 745 F. App'x 648, 649 (7th Cir. 2018).

Finally, even claims that are properly joined may be severed in an exercise of the Court's discretion, where doing so would be in the interests of justice and would promote the efficient and effective resolution of all claims.

Analysis

Plaintiff's pleadings are neither short nor plain, and so do not meet the requirements of Rule 8. Plaintiff also does not allege the direct personal involvement of many of the Defendants that he has named. These pleading deficiencies call for dismissal of the amended complaint.

Plaintiff's pleadings also appear to run counter to the joinder rules. Plaintiff tries to combine issues that are unrelated to one another. If he moves to amend, any proposed amended complaint must comply with the joinder rules described above. If Plaintiff wants to sue different Defendants about things that happened on different days, he needs to file separate lawsuits to do so.

Substantively, Plaintiff's allegations also do not state a claim.

Plaintiff discusses various issues regarding Freedom of Information Act requests he made to state officials. There is no private right of action in federal court for issues regarding FOIA requests to state agencies. *See Belk v. Watson*, No. 19-CV-00499-JPG, 2019 WL 2188905, at *3 (S.D. Ill. May 21, 2019).

Likewise, the Prison Rape Elimination Act does not allow for a private lawsuit. *See Closson v. Kohlhepp*, No. 21-cv-772, 2021 WL 3363139, at *2 (S.D. Ind. Aug. 3, 2021).

As to Plaintiff's allegations that the Illinois State Police and prison investigators did not respond properly to his requests for an investigation of the attack he suffered, the Court fully appreciates Plaintiff's frustration. But there is no free-standing constitutional right to an investigation by prison officials or the state police after an occurrence like the fight that Plaintiff was injured in, nor is there a constitutional right for criminal charges to be filed against a wrongdoer. There is no allegation here that any prison official knew that Plaintiff was facing an imminent risk of serious harm and could have done anything about it before Plaintiff was attacked.

Plaintiff alleges that later, prison guards allowed an internal prison no contact order to be violated by allowing or causing Plaintiff and the person who previously attacked him to be seated next to one another at a meal. But there is no indication that Plaintiff was attacked or injured again, nor that there was any other harm done at that time. A violation of a prison directive, rule, administrative code, or even a state law does not on its own indicate or necessarily support an inference that a violation of the United States Constitution occurred.

Plaintiff alleges a prison guard said Plaintiff had to "fight or fuck." And he alleges that on another occasion a guard stepped on or kicked at the backs of his shoes. These are unpleasant allegations but alone do not spell out a violation of the constitution. Coarse language and minor affronts such as the issue with the stepping on or kicking at shoes are not ideal behavior by corrections staff. But every affront, inconvenience, or unpleasantness experienced in prison is not the basis for a federal lawsuit, particularly where, as here, Plaintiff has not alleged that he was injured or harmed as a result of these actions by corrections staff.

As to Plaintiff's allegations that he received a wrongful disciplinary ticket, that the disciplinary hearing was effected without proper process, and that Plaintiff was wrongfully punished, none of these allegations state a claim for relief, because Plaintiff has not alleged that the punishment that he received rose to a level protected by the due process clause of the Constitution. Plaintiff is already in prison. His liberty is almost completely curtailed based on his criminal sentence. To allege a deprivation of liberty sufficient to warrant due process protections, an extended period in segregation, the loss of good time credits, or some other atypical and extreme additional conditions of confinement must have been imposed. Otherwise, there is no entitlement to due process because there is no cognizable deprivation of liberty over and above Plaintiff's already lawfully much-curtailed liberty. *Earl v. Racine Cty. Jail*, 718 F.3d 689, 691 (7th Cir. 2013).

Again, the Court takes seriously Plaintiff's allegation that he was attacked by another prisoner, and understands how upset Plaintiff is that after that experience, he was disciplined, that he does not believe the issue was properly investigated, and that

he experienced additional issues that he believes are unfair. But accepting all those things as true, Plaintiff's allegations do not state a federal claim.

**IT IS THEREFORE ORDERED:**

1. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff has failed to state a claim for relief. Plaintiff's remaining allegations are too vague and non-specific to put any Defendant on notice of a federal claim. Plaintiff's Complaint is DISMISSED without prejudice for failure to state a claim.**

2. **The Court will allow Plaintiff the opportunity to file a motion for leave to amend with an attached proposed Amended Complaint, within 28 days of this Order. Failure to file an Amended Complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.**

Entered this 23rd day of April, 2026.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE